## Affidavit in Support of Complaint

I, Gabriel Santiago, being duly sworn, depose and state:

### Introduction

1. I am a Special Agent of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), San Juan, Puerto Rico and have been so employed since 2020. I am an investigative or law enforcement officer of the United States who is empowered to conduct investigations of or to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. As a Special Agent, my responsibilities include conducting investigations of the alleged manufacture, distribution and possession of controlled substances, importation of controlled substances, smuggling of goods into the United States, firearm's violations, and other related offenses.

2. I have attended the Homeland Security Investigations Special Agent Training (HSISAT) at the Federal Law Enforcement Training Center in Glynco, Georgia. I was trained in conducting investigations related to firearms violations and narcotics smuggling, which includes interdiction and distribution activities where investigations commonly conducted are related to violations of Titles 8, 18, 19, 21 and 31 of the United States Code (USC).

3. Because this affidavit is submitted for the limited purpose of establishing probable cause justifying the issuance of an arrest warrant, I have not included details of every aspect of this investigation. I am thoroughly familiar with the information contained in this Affidavit, either through personal investigation or through discussions with other law enforcement officers who have interviewed individuals or personally have obtained information, which they in turn have reported to me.

4. The facts and information contained in this affidavit are based on my personal knowledge, as well as upon information received in my official capacity from other individuals, including other federal, state, and local law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint charging Yandres AYALA Quintero and Nelson HERNANDEZ Falcon with violating of 21 U.S.C. § 841(a)(1) (possession with intent to distribute a mixture or substance containing a detectable amount of cocaine) and 21 U.S.C § 846 ( attempt and conspiracy)

### Facts in Support of Probable Cause

5. On January 31, 2024, at approximately 6:00pm, Homeland Security Investigations (HSI), Airport Investigations and Tactical Team (AirTAT) agents started conduction Domestic Flight Enforcement Operation. At approximately 9:09pm, HSI (Task Force Officers) TFOs observed a male with black pants and a light-colored hoodie enter the bathroom. The male, who was later identified by law enforcement as Nelson HERNANDEZ-Falcon, was carrying a black suitcase. Subsequently, another male with black pants and a red shirt entered the bathroom carrying a black suitcase and a duffle bag; he was later identified by law enforcement as Yandres AYALA-Quintero.

6. At approximately 9:10pm, TFOs entered the bathroom and observed HERNANDEZ-Falcon in front of the urinal. HERNANDEZ-Falcon did not have the black suitcase, previously on his possession, with him. TFOs also observed that the handicapped bathroom stall was occupied by AYALA-Quintero. Additionally, TFOs noticed that the black suitcase HERNANDEZ-Falcon previously possessed and the black suitcase AYALA-Quintero was carrying were inside the stall. There were no other occupants in the bathroom.

7. At approximately 9:13pm, HERNANDEZ-Falcon and AYALA-Quintero approached the bathroom faucets. TFOs observed that, once more, each individual was carrying a black

suitcase. TFOs also noticed that HERNANDEZ-Falcon now had the duffle bag they had seen AYALA-Quintero carrying earlier.

8. TFOs approached HERNANDEZ-Falcon, identified themselves and asked if he was flying today and if he had an identification. HERNANDEZ-Falcon stated he was traveling to Orlando. TFOs proceeded to ask if a K9 could inspect his suitcase. HERNANDEZ-Falcon verbally consented to the K9 inspection. K9 Nico 4 proceeded to inspect the black suitcase, now in HERNANDEZ-Falcon's possession, and alerted positive to the odors of narcotics. TFOs asked HERNANDEZ-Falcon if he could open his suitcase and HERNANDEZ-Falcon verbally consented and opened his suitcase. Rectangular-shaped packages wrapped in carbon paper were observed inside the black Calvin Klein suitcase. TFOs proceeded to detain HERNANDEZ-Falcon and escorted him to the HSI office for further investigation, inspection, and interview. Within the black suitcase, a total of 3 rectangular shaped bricks wrapped in plastic and carbon paper were found. Each rectangular shaped package contained 3 bricks. A field test was conducted, and it came back positive to the characteristics of cocaine.

Ultimately, 9 rectangular bricks were found. These bricks had a combined weight of 11.34 kilograms.

9. HERNANDEZ-Falcon signed HSI Consent Search forms for his cellular phone and his belongings, for which he also gave verbal consent.

10. HSI Agents advised HERNANDEZ-Falcon of his Miranda rights, which he waived in writing. HERNANDEZ-Falcon stated that he was going to board Spirit Airlines flight 1908 destined to Orlando International Airport, FL (MCO). At MCO, he was going to take Spirit Airlines Flight 316 destined to La Guardia International Airport, NY (LGA)

11. HERNANDEZ-Falcon stated that on January 30, 2024, he was put into contact with "Krys" by a friend. "Krys" was looking for someone interested in undertaking a "vuelo" or flight. HERNANDEZ-Falcon contacted, "Krys" and provided this individual with his identification and email. HERNANDEZ-Falcon and "Krys" discussed payment for taking the "vuelo" or flight and HERNADEZ-Falcon was to be paid $1,500 for this venture. On January 31, 2024, HERNANDEZ-Falcon met with "Krys" and another individual in Isla Verde, PR. There, HERNANDEZ-Falcon stated that he was given an empty black suitcase and was given instructions to meet with another individual in a bathroom at Luis Munoz Marin (LMM) International Airport who was to provide him with another suitcase.

12. Shortly after detaining HERNANDEZ-Falcon, TFOs approached AYALA-Quintero and identified themselves. TFOs asked for identification but AYALA-Quintero stated he was not in possession of it. TFOs also asked where he was flying, and AYALA-Quintero responded that he was not traveling. TFOs detained and escorted AYALA-Quintero to the HSI office for further investigation and interview. At that moment, AYALA-Quintero was only in possession of a suitcase, and he no was longer carrying the duffle bag he had entered the bathroom with.

13. AYALA-Quintero signed HSI Consent Search forms for his cellular phone and his belongings, for which he also gave verbal consent.

14. HSI Agents advised AYALA-Quintero of his Miranda rights, which he waived in writing. AYALA-Quintero stated he was given a suitcase containing kilograms of cocaine in a park in Bayamon, Puerto Rico at approximately 5pm on January 31st, 2024. AYALA-Quintero stated "Tazmania" provided AYALA-Quintero with the suitcase. AYALA-Quintero stated that he was to be paid $200 for bringing the suitcase containing the kilograms to San Juan International Airport (SJU).

15. The interviews with AYALA-Quintero and HERNANDEZ-Falcon culminated and both individuals were then processed at the AIRTAT holding area.

16. On February 1st, 2023, AYALA-Quintero requested to speak with HSI agents. HSI agents once again advised AYALA-Quintero of his Miranda rights, which he waived in writing. AYALA Quintero stated that het met up with "Krys" in Isla Verde, where AYALA Quintero was given a suitcase. AYALA-Quintero stated that "Krys" drove him to the airport in a blue vehicle.

## CONCLUSION

17. Based on the foregoing facts and circumstances, your affiant submits that probable cause exists to believe that Yandres AYALA Quintero and Nelson HERNANDEZ-Falcon with violations of 21 U.S.C. § 841(a)(1) (possession with intent to distribute a mixture or substance containing a detectable amount of cocaine) and 21 U.S.C § 846 ( attempt and conspiracy)

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

Gabriel Santiago
Special Agent
Homeland Security Investigations

Sworn and subscribed to me in accordance with the requirements of FRCP 4.1 this First day of February, 2024, in San Juan, Puerto Rico @ 12:17 pm

Hon. Marshal D. Morgan
U.S. Magistrate Judge
District of Puerto Rico